```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PATRICE M. JACKSON,

                    Plaintiff,                MEMORANDUM AND ORDER
       -against-                              Case No. 09-CV-1290 (FB)

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.
------------------------------------------------------------x
```

*Appearances:*  
*For the Plaintiff:*  
BARRY SIMON, ESQ.  
Simon & Gilman, LLP  
91-31 Queens Boulevard, Suite 411  
Elmhurst, New York 11373  

*For the Defendant:*  
LORETTA E. LYNCH, ESQ.  
United States Attorney  
Eastern District of New York  
By:   ARTHUR SWERDLOFF, ESQ.  
         Assistant United States Attorney  
         271 Cadman Plaza East  
         Brooklyn, New York 11201  

**BLOCK, Senior District Judge:**

Counsel for Patrice M. Jackson ("plaintiff") moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). Though the Commissioner of Social Security ("Commissioner") does not object to the motion, the Court must determine whether the amount of fees requested is reasonable. For the reasons stated below, fees are awarded to plaintiff's counsel in the amount of $37,805; but of such amount, plaintiff's counsel must remit to plaintiff $5,356.10, which represents the prior fee award made pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412(d).

# I

Plaintiff filed suit in this Court on March 27, 2009 to challenge the Commissioner's decision to reject her application for disability insurance benefits under the Social Security Act ("the Act"); on September 23, 2010, the Court remanded her case solely for the calculation of benefits.[1] Plaintiff's counsel had entered into a contingency fee arrangement with plaintiff, whereby they agreed that his fee would be the greater of 25% of retrospective benefits payable to plaintiff and $5,300 if she obtained a favorable outcome. After succeeding on her claim, plaintiff moved for an award of attorney's fees pursuant to the EAJA, and the parties stipulated to a fee award of $5,356.10, which was so-ordered by the Court. Plaintiff now moves, in addition, for a fee award pursuant to Section 406(b).

## A. Section 406(b)

Section 406(b) allows courts to award to successful claimants, as part of its judgment, a reasonable attorney's fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled ..." Section 406(b)(1)(A). Further, the Commissioner may certify the amount of such fee for payment *out of* — and *not in addition to* — the amount of past-due benefits. *Id.* In determining whether the fee requested under Section 406(b) is reasonable, a court "must give due deference to the intent of the parties, but it ought not blindly approve every fee request made pursuant to a contingent agreement." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Further,

---

[1] General familiarity with the prior proceedings is presumed. *Jackson v. Astrue*, 2010 U.S. Dist. LEXIS 98920 (Sept. 21, 2010 E.D.N.Y.)

2

"[w]hile the court need not make mathematical calculations, it should, of course, determine whether the contingency percentage is within the 25% cap; it should also consider whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.*

Here, the Court entered a judgment in plaintiff's favor when her case was remanded to the Commissioner solely for the calculation of benefits. In calculating plaintiff's benefits, the Commissioner certified and withheld 25% of her past-due benefits in the amount of $37,805 for the payment of attorney's fees. Further, the Court finds no evidence of fraud or overreaching in the contingency fee arrangement — which is consistent with the 25 percent rate set forth in Section 406(b) — or that awarding the requested fee would result in a windfall to plaintiff's counsel.

However, though fees may be awarded under both the EAJA and Section 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794-95 (2002). Thus, as plaintiff has already obtained a fee award of $5,356.10 under the EAJA — which is less than the award requested pursuant to Section 406(b) — plaintiff's counsel must return the amount of such EAJA award to plaintiff out of the payment received under Section 406(b).

II

For the reasons discussed above, the Court grants plaintiff's motion for attorney's fees and fees are awarded in the amount of $37,805 pursuant to Section

406(b), with the amount of $5,356.10 already awarded pursuant to the EAJA to be paid by plaintiff's counsel to plaintiff.

       **SO ORDERED.**       s/ Judge Frederic Block

                                        FREDERIC BLOCK
                                        Senior United States District Judge

Brooklyn, New York
May 13, 2011